## W. FRED MORIN *vs.* L. E. BOND.

First Judicial District, Hartford, October Term, 1921.

WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Tobacco owned jointly by the plaintiff and defendant was sold by the former to L, who paid one half of the purchase price to each of the parties. Ten days later, upon weighing and sorting the tobacco, L discovered that it was damaged and that $1,028 of the purchase price was returnable to him, and the plaintiff thereupon paid L that amount and sought in the present action to recover of the defendant one half the sum so repaid. *Held* that upon the facts which the jury might reasonably have found from the evidence, the plaintiff could not be said to be a mere volunteer in repaying L, and therefore the trial court erred in its judgment of nonsuit.

The law is solicitous to prevent one from enriching himself at the expense of another who has in good faith paid the latter's obligation.

Submitted on briefs October 6th—decided October 28th, 1921.

ACTION by the plaintiff to recover moneys paid by him for the benefit of the defendant, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Dickenson, J.;* the court rendered a judgment of nonsuit, and from its refusal to set such judgment aside, the plaintiff appealed. *Error and new trial ordered.*

*Lewis Sperry, George W. Brady* and *John W. Joy,* for the appellant (plaintiff).

*Hugh M. Alcorn,* for the appellee (defendant).

PER CURIAM. The trial court held that there was no authority given by the defendant to the plaintiff authorizing him to agree with the Lorillard Company to reimburse it for the damaged tobacco belonging to the plaintiff and defendant and sold by the plaintiff to it, and hence the plaintiff in making such reimbursement was a mere volunteer and could not maintain his action.

The jury might have found from the evidence that the plaintiff and defendant raised a crop of tobacco on shares; that the plaintiff sold the crop when growing to the Lorillard Company free from damage and in good, sound, merchantable order, for 47 cents a pound, and for the damaged tobacco 10 cents a pound; that defendant authorized such sale, and at plaintiff's suggestion the Lorillard Company, in ignorance that the tobacco was damaged, paid one half of the purchase price to defendant and one half to plaintiff; that the Lorillard Company weighed and sorted the tobacco ten days later and found it to be damaged, entitling it to be reimbursed in the amount of $1,027.86, and for which both the plaintiff and defendant were responsible. The jury might also have found that upon demand of the Lorillard Company the plaintiff paid this sum.

From the facts that plaintiff had the entire control of this sale and its terms; that the contract was not completed until the Lorillard Company had been reimbursed; and that both plaintiff and defendant were liable for such reimbursement,—the jury would have been justified in finding that the plaintiff was authorized to make such payment in behalf of defendant by the general authority conferred upon him, and if the jury so found, the plaintiff could not be held to have been a mere volunteer, as the trial court held.

Since the evidence justified a finding by the jury that the plaintiff in making the payment acted within his authority, we do not determine, if this were not so, whether under the circumstances present the defendant would be liable upon the application of the equitable principle of contribution. One thing is to be remembered in such a situation: the law is solicitous to prevent one man enriching himself at the cost of another who has in good faith paid that other's obligation.

There is error, the judgment is set aside and a new trial ordered.